IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION FOR HABEAS RELIEF** |
| | ) | |
| vs. | ) | Case No. 1:21-cr-014 |
| | ) | |
| Dwayne Warren Gerard, Sr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Dwayne Warren Gerard, Sr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-cv-222 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Defendant's "Motion to Vacate under 28 U.S.C. § 2255" filed on November 6, 2024. See Doc. No. 138. The Government filed a response in opposition to the motion on January 14, 2025. See Doc. No. 145. The Defendant filed a reply brief on March 10, 2025. See Doc. No. 148. For the reasons outlined below, the motion is denied.

I.  **BACKGROUND**

In January of 2021, a federal grand jury charged Gerard with eight counts of sexual exploitation of a child occurring between 2015 and 2019 in violation of 18 U.S.C. §§ 2251(a) and (e) (Counts One through Eight) and one count of transportation of a minor in violation of 18 U.S.C. § 2423(a) (Count Nine). See Doc. No. 1. Gerard was arrested on January 21, 2021. See Doc. No. 16. An initial appearance and arraignment were held on January 22, 2021, at which Gerard was appointed

counsel and pled not guilty. See Doc. No. 6. A superseding indictment was filed on June 2, 2021, which added two additional defendants to the case charged with travel with intent to engage in illicit sexual conduct (Count Ten) but which did not alter the nine counts against Gerard. See Doc. No. 26.

On June 8, 2022, Gerard signed a written plea agreement with the Government in which he agreed to plead guilty to Counts One through Eight. See Doc. Nos. 84 and 85. On August 17, 2022, a change of plea hearing was held at which Gerard pled guilty to Counts One through Eight. See Doc. No. 87.

On December 6, 2022, the Court sentenced Gerard to 360-months on each count of conviction, with the sentences on Counts Two through Eight to run concurrently with each other but consecutively to the sentence on Count One. See Doc. No. 106. This resulted in a total term of imprisonment of 720- months. The Court also imposed a lifetime term of supervised release on each count, an $800 special assessment, and restitution of $1,118.40.

Gerard appealed. See Doc. No. 108. On October 31, 2023, the Eighth Circuit Court of Appeals dismissed the appeal after finding it was barred by the appeal waiver in the plea agreement. United States v. Gerard, No. 22-3614, 2023 WL 7153253 (8th Cir. Oct. 31, 2023).

Gerard filed the current motion for habeas relief under Section 2255 on November 6, 2024. See Doc. No. 138. The motion has been fully briefed and is now ripe for consideration.

II.   **STANDARD OF REVIEW**

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting

28 U.S.C. § 2255(a)).  This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  A 28 U.S.C. § 2255 motion is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors.  Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994).  A 28 U.S.C. § 2255 movant "must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).  Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."  Davis, 417 U.S. at 343.

A prisoner is entitled to an evidentiary hearing on a Section 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief.  28 U.S.C. § 2255; Engelson v. United States, 86 F.3d 238, 240 (1995).  A Section 2255 motion "may be dismissed without hearing if (1) movant's allegation, accepted as true, would not entitle the petitioner to relief, or (2) [the] allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact."  See Winters v. United States, 716 F.3d 1098 (2013); see also Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992) (a single, self-serving, self-contradicting statement is insufficient to render the motions, files and records of the case inconclusive); Smith v. United States, 618 F.2d 507, 510 (8th Cir. 1980) (mere statement of unsupported conclusions will not suffice to command a hearing).

### III.  LEGAL DISCUSSION

Gerard raises eight claims for relief.  Claims one through seven allege errors by the Court or the prosecutor.  Claim eight is a catchall claim alleging ineffective assistance of counsel for failing

3

to raise the first seven claims. As the Court will explain below, the first seven claims are either contradicted by the record or foreclosed by Gerard's guilty plea. Claim eight fails because claims one through seven fail on the merits.

### A.  CLAIM ONE

In his first claim for relief, Gerard contends the case needed to be initiated by the filing of a complaint supported by an affidavit in order to establish jurisdiction and standing. The contention is confusing. It appears Gerard, who is acting *pro se*, has confused and conflated the requirements for a civil action and a criminal action. Gerard was charged by indictment. See Doc. No. 1. The Fifth Amendment to the United States Constitution requires federal criminal charges to be brought by way of indictment issued by a grand jury. U.S. Const. amend. V; see also Fed. R. Crim. P. 7. The indictment and superseding indictment lay out the statutory language for charging production of materials depicting the sexual exploitation of minors. See 18 U.S.C. § 2251(a). The Government clearly had jurisdiction to charge the matters via indictment. That Gerard was not charged by complaint does not deprive the Court of jurisdiction or violate his due process rights. Gerard was properly charged by way of indictment issued by a grand jury. See Doc. Nos. 1 and 26. Gerard's first claim is baseless and fails.

### B.  CLAIM TWO

For his second claim for relief, Gerard contends he was not properly arraigned. The record reflects otherwise. Gerard was arraigned by telephone on January 22, 2021. See Doc. Nos. 6 and 143. Gerard was arraigned by telephone as permitted by the CARES Act due to the COVID-19 pandemic.

Careful review of the transcript of the arraignment reveals no deficiencies. See Doc. No. 143. Gerard requested he be appointed counsel. The request was granted and the arraignment was conducted with the assistance of counsel from the Federal Public Defenders Office. Gerard was informed of the charges against him and he pled not guilty.

Even if Gerard was not properly arraigned, a guilty plea waives all non-jurisdictional issues. See United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000). A "knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." See United States v. Vaughan, 13 F.3d 1186, 1187 (8th Cir. 1994) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). Valid guilty plea forecloses contention that it was error for the defendant to be absent from the arraignment on the superseding indictment. United States v. Maldonado, 241 F. App'x 343, 344 (8th Cir. 2007). On August 17, 2022, Gerard pled guilty to Counts One through Eight. See Doc. No. 87. Since Gerard was properly arraigned and entered a valid plea of guilty, Claim Two fails.

### C.    CLAIM THREE

In this third claim for relief, Gerard contends the case needed to be initiated via complaint and that the superseding indictment is invalid because it was not signed by the grand jury foreperson. The Court explained in relation to Claim One that federal felony criminal charges are initiated via indictment rather than complaint. Gerard confuses the sealed superseding indictment (Doc. No. 25) which was signed by the grand jury foreperson and the redacted superseding indictment (Doc. No. 26) which does not contain a signature. These contentions are baseless and clearly fail.

D. **CLAIMS FOUR AND FIVE**

In his fourth and fifth claims for relief Gerard contends the plea agreement was unsigned and is void. The contention is clearly contradicted by the record. The plea agreement (Doc. No. 84) contains Gerard's signature as well as the signatures of defense counsel and the prosecutor. At the change of plea hearing Gerard acknowledged that he had signed the plea agreement. See Doc. No. 111, p. 12. These claims fail.

E. **CLAIM SIX**

In his sixth claim for relief Gerard contends the Clerk of Court altered the record without authority resulting in a fraud upon the Court. The claim, which the Court finds baseless and absurd, stems from Gerard's misreading of the docket sheet.

After Gerard appealed, transcripts of the change of plea and sentencing hearings were prepared and filed by the court reporter. See Doc. Nos. 111 and 112. The Government requested the transcripts be redacted as the transcripts included the names of the victims. See Doc. Nos. 114 and 115. Subsequently, the court reporter mistakenly filed an unredacted version of the change of plea transcript and then, realizing her error, asked the Clerk of Court to restrict the filing. See Doc. No. 116. Redacted transcripts were then filed at a later date. See Doc. Nos. 120 and 121.

The restriction of Doc. No. 116 had nothing to do with the plea agreement filed at Doc. No. 84. Gerard's suggestions of fraud and the switching of documents is baseless, absurd, unsubstantiated, and implausible. This was simple filing error that was corrected. The Court did not lack jurisdiction to correct a filing error, nor did it lack jurisdiction to file transcripts needed for appellate review. Clam six fails.

## F.  CLAIM SEVEN

In his seventh claim for relief, Gerard contends the Court lacked "territorial jurisdiction." The contention is unpersuasive. The indictment and superseding indictment allege that Gerard committed the offenses charged in the District of North Dakota. See Doc. Nos. 1 and 25. Gerard was charged with the sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The sexual exploitation of children is not beyond the reach of Congress to regulate under the Commerce Clause. United States v. Fortier, 956 F.3d 563, 570 (8th Cir. 2020) (citing U.S. Const. art. I, § 8, cl. 3; United States v. Morrison, 529 U.S. 598, 616–17 (2000)). The U.S. Attorney's Office for the District of North Dakota has the clear authority to charge violations of federal law that occur in the District of North Dakota. Since the offenses were alleged to have occurred in the District of North Dakota, venue was proper in the District of North Dakota. The charges alleged that visual depictions of his victims were produced using equipment that had been transmitted in interstate and foreign commerce and the images were transmitted via the internet in interstate and foreign commerce in violation of 18 U.S.C. §§ 2251(a) and 2251(e). When Gerard knowingly and voluntarily pled guilty he acknowledged as much. Thus, the United States District Court for the District of North Dakota had jurisdiction over the offenses charged. Claim seven fails.

## G.  CLAIM EIGHT

Gerard's eighth claim for relief alleges defense counsel was ineffective in allowing the errors alleged in claims one through seven to occur. However, the Court has rejected claims one through seven on the merits.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. To be eligible for habeas relief based on ineffective assistance of counsel, a defendant must satisfy the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a defendant must establish that defense counsel's representation was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. This requires showing that counsel made errors so serious that defense counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Id. at 687-88. In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. If the underlying claim (i.e., the alleged deficient performance) would have been rejected, defense counsel's performance is not deficient. Carter v. Hopkins, 92 F.3d 666, 671 (8th Cir. 1996). Courts seek to "eliminate the distorting effects of hindsight" by examining defense counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, it must be demonstrated that defense counsel's performance prejudiced the defense. Strickland, 466 U.S. at 687. In other words, under this second prong, it must be proven that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003). An increased prison term may constitute prejudice under the *Strickland* standard. Glover v. United States, 531 U.S. 198, 203 (2001).

There is a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; Vogt v. United States, 88 F.3d 587, 592 (8th Cir. 1996). A court reviewing defense counsel's

8

performance must make every effort to eliminate hindsight and second-guessing. Strickland, 466 U.S. at 689; Schumacher v. Hopkins, 83 F.3d 1034, 1036-37 (8th Cir. 1996). Under the *Strickland* standard, strategic decisions that are made after a thorough investigation of both the law and facts regarding plausible options are virtually unchallengeable. Strickland, 466 U.S. at 690. Strategic decisions and trial strategy are generally entrusted to defense counsel as a matter of professional discretion. United States v. Orr, 636 F.3d 944, 952 (8th Cir. 2011).

When the defendant asserts that there are multiple deficiencies, each claim is reviewed independently. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006). There is no "cumulative error" rule applied to assistance of counsel claims. United States v. Robinson, 301 F.3d 923, 925 n.3 (8th Cir. 2002).

Because his first seven claims fail on the merits and because Gerard fails to demonstrate prejudice, Gerard fails to meet his burden on either prong of the *Strickland* test. Thus, claim eight fails.

### IV.  REQUEST FOR HEARING

Gerard has requested the Court hold an evidentiary hearing on his motion. 28 U.S.C. § 2255 provides a hearing is required "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required when the claim is inadequate on its face or if the record, files, and motion conclusively demonstrate the defendant is not entitled to the relief he seeks. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008). In this case, the record is well-established and the hearing transcripts are adequate for full consideration of the issues raised in the motion. A careful review of all the materials submitted by

the parties, the transcripts, the PSR, and the record as a whole leads the Court to conclude that an evidentiary hearing is unnecessary for a full consideration of the issues raised in the motion.

V. **CONCLUSION**

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law. For the reasons set forth above, the Defendant's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 138) is **DENIED**. The request for a hearing (Doc. Nos. 141 and 149) and for the issuance of a subpoena (Doc. No. 150) are also **DENIED**. In addition, the Court issues the following **ORDER**:

(1.) The Court certifies that an appeal from the denial of this motion may not be taken *in forma pauperis* because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

(2.) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). If the defendant desires further review of his motion he may request the issuance of a certificate of appealability by a circuit judge with the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2025.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court